Judge Green,
delivered his opinion:
The objection, that no issue was joined in form upon the defendants’ plea, has no weight. Executions are awarded on forthcoming bonds, in a summary way, upon motion. The pleadings may be ore terms; and the Court may pronounce judgment on the evidence.
The forthcoming bond in question, was given after the act of 1821, vvas in force; by which it was directed, that in certain eases, sales under executions should be made at the court-houses, on the first day of the Court, and between the hours of 12 and 4 o’clock. The parties are to be presumed to have known this law; and I am satisfied, upon the facts stated in the bill of exceptions, did know it. When the obligors bound themselves to deliver the property, at the time and place appointed for the sale, “ to be sold to satisfy the execution,” they bound themselves to deliver it, at such time as that it might then and there be legally sold, for that purpose; and the legal effect of the contract would be the same, if those words were omitted in the bond. In contracts appointing some act to be done on a given day, there is no inflexible rule that the party shall have until sun-down of the day, to perform his con» *556 tract. That time is allowed, when it appears, from the c¡rcumstances 0f the case, to be most convenient to both parties; as if a sum of money is to be paid, that rule is adopted to avoid the inconvenience of one party being bound to wait the whole day for the other. But even in that case, payment must be made in time to count the money before sun-down. So that if a very large sum were •to be paid, the payment should be made early in the day. 5 Co. 114. The true rule is, that the stipulated act is to be performed at that period of the day, which may appear, from the circumstances of the case, to be the most proper for attaining the object of the contract, as, in case of a contract to pay money upon the transfer of stock; the party must pay within the hours, when the transfer of the stock can be made, according to the rules of the institution, which can alone complete the transfer. 1 Esp. N. P. 160. If the parties are bound by the rules, in this respect, and must be supposed to have those rules in view when contracting, they aré surely bound by a statute. This statute, I incline to think, may fairly be considered as declaring the common opinion of the country, as to the convenient time for effecting a sale under execution, and as affording a good general rule, even in cases to which it does not, in terms, apply.
It is true, as was said at the bar, that this statute was in troduced for the benefit of the debtor, in respect to the place of sale, but not as to the period of the day when sales should be made. In respect to that, the plaintiff, as well as the defendant, is interested; and it requires the consent of both parties, to justify the sheriff in departing from the directions of the statute. The consent of the defendant alone, would not be sufficient; nor would the delivery of the property, after the appointed hour, amount to such consent. In this case, the defendant did not intend that the delivery of the property should have that effect. The property was on the spot between 12 and 1 o’clock. He delayed delivering it, until after 4 o’clock, for the purpose. *557 of avoiding the sale, at the same time that he supposed that the bond would be saved. If the sheriff liad accepted and sold the property, we should probably now be considering, whether he was not liable to the defendant, in damages, for that act.
The judgment of the Superior Court should be reversed, and that of the County Court, affirmed.
The other Judges concurred. *

 Absent, the President, and Judge Goalteb.